This suit, and six others involving the same issues, were consolidated for trial *Page 808 
in the court below and the testimony relating to each was all taken as though there was only one proceeding before the court. They were again consolidated for argument and submission in this court with the understanding that a separate judgment and decree, as was done in the lower court, would be rendered in each.
The plaintiffs are all owners of small contiguous tracts of land fronting on Bayou DuLarge in the Parish of Terrebonne, all of them being bounded in the rear by a large body of land belonging to the defendant, and each claims that the defendant has committed a trespass on his or her respective property for which he is sought to be held liable in damages in each case.
The allegations of the petition in each suit are strikingly similar and the nature of the damages alleged to have been suffered by reason of the trespass said to have been committed is the same in each case. Neither, it may be said, is there any great variance in the different amounts demanded.
In each case the plaintiff sets out his or her ownership of the property alleged to have been trespassed upon, the description of which is fully set out in the petition. Each property is described as having a certain given width on Bayou DuLarge "by depth of survey", no mention being made of the actual depth. The plaintiffs each allege that they acquired their respective properties under some interpretation that the term "depth of survey" meant a depth of forty arpents.
In the suits of Adam DeHart, Marie Jeanne Verret and Adam Naquin, there is contained an allegation in the petition to the effect that in the year 1917, Charles W. Buckley, the defendant's vendor of the property adjoining theirs in the rear, had a line established which is known as the Miller line, at a distance of about forty arpents from the banks of Bayou DuLarge and that each of the plaintiffs in those suits has been in possession of his or her property, using the same for trapping, grazing, and hunting, up to that line. In the suits of Olivia Naquin and Mrs. Joseph Billiot, it is alleged that each plaintiff herself, and other heirs of Clovis Naquin and Margaret Naquin, and the said Clovis Naquin and Margaret Naquin, from whom their titles are derived, have possessed for a period of over forty years up to the depth of twenty acres from Bayou DuLarge.
In the present suit, as well as in that of Emile Thibodaux, it is alleged that in a former boundary suit by both these same plaintiffs against Charles W. Buckley, their possession of their respective properties was maintained by a temporary injunction to a depth of fourteen acres "pending the marking of a line in a boundary suit filed by the said Charles W. Buckley." It is further alleged that the said line has never been marked in accordance with the judgment rendered in the suit. In the present suit also the plaintiff sets out his ownership of two separate and distinct tracts of land and the allegations just referred to bear relation only to the first. With regard to the second tract, he makes the same allegations concerning his possession up to the Miller line established in 1917, as are made in the DeHart, Verret, and Adam Naquin suits.
The trespass charged against the defendant in each case is said to consist in his having forcibly entered upon the property, cutting a canal or ditch across the same, closing existing canals and cutting down fences. The greater part of the damages claimed are for humiliation, mortification, and inconvenience. No large consequential property damage is claimed in any suit.
The answer of the defendant in each case admits the ownership by plaintiff of his or her property but denies all the remaining allegations of each petition. It then sets out defendant's acquisition of the property in the rear of each of the plaintiffs' tracts, in the year 1934, and alleges further that by the addition of this property to an already large body of land adjoining the same, defendant became the owner of an area extending from Bayou Grand Caillou on the east to within a few feet of Bayou DuLarge on the west and that since then he has had actual possession of the said body of land in good faith, under a title translative of property and that he has continuously cultivated such portions as were cultivable, maintained houses thereon which were occupied by his tenants and has continuously trapped such portions as are fit for trapping.
The defendant specifically avers that in May, 1931, Charles W. Buckley, his vendor and the then owner of the property immediately in the rear of the plaintiffs' *Page 809 
lands, filed a boundary suit in the district court against Esse Blanchard, the plaintiff in the present suit, and Emile Thibodaux, plaintiff in one of the other suits. That in the said suit, there was judgment recognizing as the boundary, a line established by the surveyor appointed by the court, which line is traced on a map filed in the record in that suit. After judgment had become final, the surveyor, under authority of the court, marked the line on the ground by driving stakes, and it may be stated that thus there was established the line of the Buckley property not only with regard to that portion adjacent to the property of the plaintiff in this suit but also with regard to that part of all of his property in the rear of the tracts of each of the plaintiffs in all of these various suits. Defendant further avers that in 1937, after he had acquired the property, in order to keep the said line visible he had a ditch cut along the same three feet within its limit and altogether on his own property. He denies that he cut any canal, tore down any fences or in any way trespassed on any of the properties of the plaintiffs and avers further that he confined all of his operations strictly within the limits of the line which had been established by judgment of the court in the former boundary suit referred to and entirely on his own property.
After trial in the court below there was judgment in favor of the defendant in each case rejecting the demands of the plaintiff and dismissing his or her suit. Rehearings were asked for and refused and a devolutive appeal was taken in each case.
We are at a loss to understand on what ground the plaintiffs predicate their meaning of the phrase "depth of survey" under which they would extend the depth of their properties to a line forty arpents from Bayou DuLarge on which they front. They produced no authority other than their statements that their deceased parents or people in general always told them that that was what was understood by the phrase. In these particular cases no such construction could possibly be given to it however, for the very good reason that at the time it was first used in the description of any of these properties, had the depth of any been extended forty arpents from Bayou DuLarge, there would have been an infringement upon the government limits of certain sections of land all of which are shown to have been at that time part of the public domain.
The land comprised in the plaintiffs' titles were formerly owned by Francois Viguerie who had acquired from Newton Boley, the patentee. Viguerie at one time had the lands surveyed and subdivided by a surveyor named Sulakoski. The lots were plotted out on a map or plat which, however, was never recorded and apparently has long since been lost or misplaced. All of this is pointed out in the opinion of this court handed down in the former boundary suit of Buckley v. Thibodeaux et al., 163 So. 172, in which we stated our conclusion that as the phrase "by depth of survey" was used for the first time in the titles emanating from Viguerie shortly after the survey by Sulakoski, it referred to that survey and nothing more. The learned district judge elaborates on the matter in the opinion he has written in the present suit and again expresses his conviction, with which we agree, that in these cases there is no authority in law or in fact to apply to the interpretation contended for by these plaintiffs that by that phrase it was meant that their properties were to have a depth of forty arpents from the banks of Bayou DuLarge.
There is no testimony regarding a line known as the Miller line established by Charles W. Buckley through one of his agents about the year 1917. Counsel for plaintiffs makes no reference to any such line in his brief and we presume that it is no longer relied on.
It is now contended however that plaintiffs have had possession of their properties to a depth of at least fourteen acres from Bayou DuLarge, for more than a year, and that as they have shown a trespass by the defendant within those limits, they have made out a case against him and are each entitled to a judgment for the damages which they claim.
It is to be noted that in the petition it is alleged that it was in the suit of Esse Blanchard v. Charles W. Buckley that this plaintiff had been maintained in his possession by a temporary injunction issued by the court, to a depth of fourteen acres; but in this the plaintiff is clearly mistaken for, as pointed out in the written opinion of the district judge, it was in a suit at the instance of Buckley that a preliminary writ of injunction was issued restraining Blanchard from disturbing Buckley *Page 810 
in the possession of his property and especially of that part immediately in the rear of Blanchard's, "at not more than fourteen acres distance from Bayou DuLarge." The effect of the injunction therefore was not to maintain Blanchard in his possession but to restrain him from disturbing Buckley in his, to a point at least fourteen acres distant from the bayou. The writ was issued in November, 1931 and at that time the boundary suit between the parties was pending, it having been filed in May of that year. There was no certainty whatever, as shown by that suit, about where the line between the two properties was. According to the allegations of the petition in the injunction suit, Buckley contended that the Blanchard property did not run more than eleven arpents in depth on one side and not more than eight on the other. It occurs to us that the district judge might have been prompted to give Blanchard the benefit of every doubt and fixed the point at fourteen acres, to enable Buckley, as he stated in his written opinion, "to prohibit Blanchard from trespassing on his (Buckley's) land at no point which was more than fourteen acres distant from the bayou."
Although the preliminary injunction does not show on its face that it was granted pending the decision of the court in the boundary suit, it is very significant that the plaintiff herein makes the allegation that he was maintained in his possession thereunder "pending the marking of a line in a boundary suit filed by said Charles Buckley." Naturally, he is bound by his own judicial allegation which, after all, is only a statement of what was the true fact. He does allege further that the said line has never been marked as provided for in the judgment in that suit but this allegation has been disproved entirely and it is definitely shown that the marks have been placed upon the ground by Mr. J.A. Lovell, the surveyor appointed by the court, all in accordance with its judgment and decree.
As between the defendant who is Buckley's vendee and assignee under a title covered by the survey and the established line in the said boundary suit, and the two plaintiffs who were parties to that suit, Esse Blanchard and Emile Thibodaux, the judgment in that suit which has long since become final has now acquired the force of res adjudicata. As between them, all questions concerning the line between their respective properties can no longer be a matter of controversy or dispute. With respect to the plaintiffs in the other suits who were not parties to the boundary suit, it is shown that in surveying the line of the Buckley property on the east bank of Bayou DuLarge, it was necessary for the surveyor to project it along the rear of each of these plaintiffs' respective properties, which he did, and that he later marked it on the ground in the same manner as he did along the rear line of the properties of the other two. In order for these other plaintiffs to maintain their claims of trespass against the defendant they would have to show that the line as thus established by the surveyor on the Buckley property in the rear of their properties is not a correct line, and this they have not attempted to do.
The most serious act of trespass alleged against the defendant by all the plaintiffs is that he cut a ditch or canal across their properties and yet the testimony positively shows that the only ditch he cut was one along the line of his property as marked by the surveyor, three feet from that line entirely within the limits of his own property. The only fence he changed was one which had been erected on a part of his own property by one Eddie Voisin who, believing at the time that that portion of the property belonged to Olivia Naquin and Mrs. Joseph Billiot, had obtained their permission to fence it in in order to pasture his cows. When his attention was directed by the defendant to the fact that that part of the fence was on his property, he readily consented that it be removed and this was done without trespassing on the properties of any of these plaintiffs.
In our opinion the plaintiffs have utterly failed to show any acts of possession on their part beyond the limits of their respective properties under which they can maintain the actions which they have brought, and neither have they shown any acts of trespass committed by the defendant on their properties. All of his operations have been confined within the limits of the boundary line of his own property as established and marked under the judgment of the court in the former boundary suit instituted by his vendor and before his acquisition of the property in the year 1934.
The judgment appealed from in each case being found correct, a separate decree will *Page 811 
be handed down affirming each at the costs of each appellant.
For the reasons stated, the judgment in this case is affirmed at the costs of the appellant herein.
DORE and OTT, JJ., concur.